LISA DARLING-ALDERTON - State Bar No. 221738
lalderton@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:  (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiff
PHILADELPHIA INDEMNITY
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SEALFIT, INC., and CROSSFIT, INC.,<br><br>Defendants. | Case No.: **'19CV1388 GPC AGS**<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Comes now PHILADELPHIA INDEMNITY INSRUANCE COMPANY, and as its complaint against defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interests and costs.

2. Venue is proper in this District pursuant to 28 U.S.C. §1391, since the insurance policies at issue in this case were issued in this district and the underlying litigation took place within this district, and, thus, a substantial part of the events or

omissions giving rise to the claim occurred here.

3. The action for declaratory relief is brought pursuant to 28 U.S.C. § 2201(a).

## THE PARTIES

4. PHILADELPHIA INDEMNITY INSURANCE COMPANY ("Philadelphia") is a corporation organized and existing under the laws of the State of Pennsylvania with its principle place of business in Pennsylvania. Philadelphia is and has been authorized to do business in the State of California.

5. Philadelphia is informed and believes and thereon alleges that Defendant SEALFIT, INC. ("Sealfit") is a corporation organized and existing under the laws of the State of California with its principal place of business in California.

6. Philadelphia is informed and believes and thereon alleges that Defendant, CrossFit, Inc. ("Crossfit") is a corporation organized and existing under the laws of the State of California with its principal place of business in California.

## GENERAL ALLEGATIONS

8. On or about September 28, 2018, a complaint was filed in the San Diego Angeles Superior Court entitled *Maria Deligiannis, et al. v. SEALFIT Inc., et al.* (San Diego Superior Court Case No.: 37-2018-00048300) on behalf of A true and correct copy of the *Deligiannis* complaint is attached hereto as Exhibit 1.

9. The *Deligiannis* complaint alleges decedent Kirk Deligiannis, died on September 25, 2016 while participating in a weekend-long endurance fitness event, Kokoro, in San Diego County, organized and promoted by Philadelphia insured, Sealfit, Inc., and allegedly affiliated entity, Crossfit, Inc. Defendants allegedly were aware that decedent had grown exhausted and was weak and pale before collapsing. Plaintiffs' contend that defendants' failure to provide professional medical assistance for at least 16 minutes following decedent's collapse constituted gross negligence, and was the cause of his death.

10. Sealfit tendered the *Deligiannis* action to Philadelphia under Policy No.

PHPK14898906.  Philadelphia agreed to defend the Sealfit and Crossfit against the *Deligiannis* action under reservations of rights.  True and correct copies of the reservations of rights letters are attached hereto as Exhibit 2.

11. Philadelphia Indemnity Insurance Company issued Policy No. PHPK14898906 ("Philadelphia Policy"), to Sealfit, Inc., effective July 1, 2016 to July 1, 2017.  The Philadelphia Policy contains a Participant Legal Liability – Accident Medical Warranty endorsement, form PI-AM-057 (12/08), which states in relevant part as follows:

> Catastrophic Medical Insurance
> Limits no less than:     $25,000
>
> Specified Athletic Activity: All
> . . .
> A. In order for there to be coverage for "bodily injury" to "player participants," hereafter referred to as "Participant Legal Liability" coverage under this policy, Catastrophic Medical Insurance for the specified athletic activity and at no less than the limit shown in the Schedule above must be in full force and effect at the time of the "occurrence" giving rise to a claim under this policy.  Failure to maintain coverage on all "player participants" in the Specified Athletic Activity shown in the Schedule above will fully void "participant legal liability" coverage with respect to any "player participants."
>
> B. For purposes of this endorsement, it is understood and agreed that "player participant" means any individual while practicing for or participating in a sport or athletic activity specified above.

12. Sealfit did not obtain Catastrophic Medical Insurance; and there was no Catastrophic Medical Insurance in full force and effect at the time of the September 25, 2016 occurrence described in the *Deligiannis* action.

13. The Philadelphia Policy contains an Additional Insured Schedule per a CG 2029 (04/13) form, which states:

> A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to their liability as grantor of a franchise to you.

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following is added to Section III – Limits Of Insurance:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or

2. Available under the applicable Limits of Insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

Although Crossfit is listed on the CG 2029 Additional Insured Schedule, the *Deligiannis* action does not involve their liability as grantor of a franchise to Sealfit.

14. The policy also includes the endorsement, Additional Insured: owners and/or Lessors of premises, Lessors of Leased Equipment, Sponsors or Co-Promotors, form PI-AS-010 (04/04), which states in pertinent parts:

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

This policy is amended to include as an additional Insured any person or organization of the types designated below, but only with respect to liability arising out of your operations:
…

4

[CASE NO.:]
[COMPLAINT]

668787.1

3. Sponsors

4. Co-Promoters

Crossfit contends that it was not a Sponsor or Co-Promoter of the event on September 25, 2016 described in the *Deligiannis* action.

## FIRST CAUSE OF ACTION

### (Declaratory Relief re: No Duty to Defend)

19. Plaintiff incorporates by reference paragraphs 1 through 19 as if set forth fully herein.

20. Philadelphia contends there was no duty to defend Sealfit or Crossfit in the *Deligiannis* Action under the Philadelphia policy. Philadelphia contends as follows:

    A. Philadelphia had no obligation to defend Sealfit or Crossfit since Sealfit did not obtain Catastrophic Medical Insurance; and there was no Catastrophic Medical Insurance in full force and effect at the time of the September 25, 2016 occurrence described in the *Deligiannis* action;

    B. Philadelphia had no obligation to defend Crossfit since the *Deligiannis* action does not involve their liability as grantor of a franchise to Sealfit.

    C. Philadelphia had no obligation to defend Crossfit since Crossfit contends it was not a Sponsor or Co-Promoter of the event leading on September 25, 2016 described in the *Deligiannis* action.

21. Philadelphia is informed and believes, and on that basis alleges, that Sealfit and Crossfit dispute Philadelphia's contentions. An actual controversy has arisen and now exists between Philadelphia and Sealfit or Crossfit as to whether there

is a duty to defend by Philadelphia under its Policy.

22. Philadelphia requests the court make and enter binding judicial declarations in accordance with Philadelphia's contentions set forth above. The requested declarations are both necessary and proper at this time in that the interests of judicial economy and substantial justice will be served thereby.

## SECOND CAUSE OF ACTION

### (Declaratory Relief re:

### No Duty to Indemnify)

23. Plaintiff incorporates by reference paragraphs 1 through 22 as if set forth fully herein.

24. Philadelphia contends there was no actual coverage for the claims at issue or the damages sought in the *Deligiannis* Action under the Philadelphia Policy. Philadelphia contends as follows:

    A.    Philadelphia had no obligation to indemnity Sealfit or Crossfit since Sealfit did not obtain Catastrophic Medical Insurance; and there was no Catastrophic Medical Insurance in full force and effect at the time of the September 25, 2016 occurrence described in the *Deligiannis* action;

    B.    Philadelphia had no obligation to defend Crossfit since the *Deligiannis* action does not involve their liability as grantor of a franchise to Sealfit.

    C.    Philadelphia had no obligation to defend Crossfit since Crossfit contends it was not a Sponsor or Co-Promoter of the event leading on September 25, 2016 described in the *Deligiannis* action.

25. Philadelphia is informed and believes, and on that basis alleges, that Sealfit and Crossfit dispute Philadelphia's contentions. An actual controversy has

arisen and now exists between Philadelphia, and Sealfit and Crossfit, as to whether there was any actual coverage under the Philadelphia Policy for indemnity for the *Deligiannis* Action.

26. Philadelphia requests the court make and enter binding judicial declarations in accordance with Philadelphia's contentions set forth above. The requested declarations are both necessary and proper at this time in that the interests of judicial economy and substantial justice will be served thereby.

## **PRAYER FOR RELIEF**

WHEREFORE, Philadelphia prays for judgment as follows:

1. On the First Cause of Action, that the Court make and enter binding judicial declaration that there was no obligation to pay defense costs to or on behalf of Sealfit and Crossfit for the *Deligiannis* Action;

2. On the Second Cause of Action, that the Court make and enter a binding judicial declaration that there was no actual coverage under the Philadelphia policy for all or part of the *Deligiannis* Action;

3. For such other and further relief as the court deems just and proper.

DATED: July 25, 2019                WOOLLS PEER DOLLINGER & SCHER
                                    A Professional Corporation

                                    /s/ Lisa Darling-Alderton
                                    LISA DARLING-ALDERTON
                                    Attorneys for Plaintiff
                                    PHILADELPHIA INDEMNITY
                                    INSURANCE COMPANY

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017